UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff <br><br> v. <br><br> SOKEN CHEA, individually and d/b/a Vaping Aristocrats; and Vaping Aristocrats, Inc., an unknown business entity d/b/a Vaping Aristocrats, <br><br> Defendants | Case No.: 2:17-cv-1210-APG-GWF <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> [ECF No. 16] |

Plaintiff J&J Sports Productions, Inc. moves for default judgment against defendant Soken Chea. Chea has not appeared in the case or opposed the motion for default judgment.

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno*

*v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

J&J has satisfied the procedural requirements for default judgment. The clerk has entered default against Chea. ECF No. 10. Chea has not appeared in this case. Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether J&J will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (CD. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). Chea has failed to defend the lawsuit. If default judgment is not entered, J&J will be unable to pursue its claims against Chea. This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. J&J's complaint sufficiently pleads that Chea improperly intercepted and displayed J&J's showing of the Floyd Mayweather v. Marcos Rene Maidana championship boxing match on March 3, 2014 (the "Program"). ECF No. 1. Thus, the second and third *Eitel* factors weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176. J&J requests (1) the maximum $10,000.00 statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (2) $30,000.00 under 47 U.S.C. § 605(e)(3)(C)(ii).[1] These amounts are justified under the fourth *Eitel* factor.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). Chea has not appeared or rebutted any of J&J's allegations. J&J has presented evidence describing its investigation supporting its allegation that the interception of the signal was willful and for commercial gain, justifying increased damages under 47 U.S.C. § 605(e)(3)(c)(ii). Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. The clerk of court entered default on April 3, 2018, and Chea still has not appeared over a year later. ECF No. 10. There is no evidence before me that the failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Given the time period during which Chea had notice of this action yet

---

[1] J&J could request up to $100,000 under that statutory section.

3

failed to appear, it is unlikely that Chea failed to respond due to excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But Chea's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

IT IS THEREFORE ORDERED that the plaintiff's motion for default judgment against defendant Soken Chea **(ECF No. 16) is GRANTED**. The clerk of court shall enter judgment in favor of plaintiff J&J Sports Productions, Inc. and against defendant Soken Chea in the following amounts:

a. For the Violation of Title 47 U.S.C. § 605(e)(3)(c)(i)(II): $10,000.00

b. For the Violation of Title 47 U.S.C. § 605(e)(3)(c)(ii):   $30,000.00

IT IS FURTHER ORDERED that J&J may file a motion for attorneys' fees by June 12, 2019.

DATED this 28th day of May, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4